# EXHIBIT A

Colin M. Page, LLC
2001 Route 46, Suite 310
Parsippany, New Jersey 07054
T: 973-331-5463, M: 201-572-0123
F: 973-402-8912, colin@page-employment-law.com
Attorneys for Plaintiff

| | |
|---|---|
| Denise Medford<br><br>Plaintiff<br><br>v.<br><br>Allianz Life Insurance Company<br>Of North America, Inc.<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MIDDLESEX COUNTY<br><br>Docket No. MID-L-2040-10<br><br>Civil Action<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: March 26, 2010                             Jennifer Perez
                                                  Acting Clerk of the Superior Court

NAME OF DEFENDANT TO BE SERVED:    Allianz Life Insurance Co. of North America, Inc.
ADDRESS OF DEFENDANT TO BE SERVED: The Corporation Trust Co.
                                   820 Bear Tavern Road
                                   W Trenton, NJ 08628

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633
                                       TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 519-3728
COURT HOURS

                         DATE:   MARCH 19, 2010
                         RE:     MEDFORD DENISE VS ALLIANZ LIFE INSURANCE COMPANY
                         DOCKET: MID L -002040 10

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON NICHOLAS J. STROUMTSOS  JR

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (732) 519-3737 EXT 3737.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                   ATT: COLIN M. PAGE
                                   COLIN M. PAGE
                                   2001 RTE 46   STE 310
                                   PARSIPPANY       NJ 07054-1315

JURPB
```

**Appendix XII-B1**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Colin M. Page | (973) 331-5463 | Middlesex |
| **FIRM NAME** (if applicable) | | **DOCKET NUMBER** (When available) |
| Colin M. Page, LLC | | L-2040-10 |
| **OFFICE ADDRESS** | | **DOCUMENT TYPE** |
| 2001 Route 46, Suite 310 | | Complaint |
| Parsippany, NJ 07054 | | **JURY DEMAND** ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Denise Medford | Medford v. Allianz Life Insurance Company of North America, Inc. |

**CASE TYPE NUMBER** (See reverse side for listing)
618

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ☒ NO
IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ NO
IF YES, IS THAT RELATIONSHIP: ☒ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO
IF YES, FOR WHAT LANGUAGE:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Revised Effective 9/2009, CN 10517

 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999  OTHER (Briefly describe nature of action)

### Track II — 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603  AUTO NEGLIGENCE – PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699  TORT – OTHER

### Track III — 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES
- 620  FALSE CLAIMS ACT

### Track IV — Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 280  Zelnorm
- 285  Stryker Trident Hip Implants

### Mass Tort (Track IV)
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE
- 272  BEXTRA/CELEBREX
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 275  ORTHO EVRA
- 277  MAHWAH TOXIC DUMP SITE
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 283  DIGITEK
- 284  NUVARING
- 286  LEVAQUIN
- 601  ASBESTOS
- 619  VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:
☐ Verbal Threshold       ☐ Putative Class Action       ☐ Title 59

Revised Effective 9/2009, CN 10517

Colin M. Page, LLC
2001 Route 46, Suite 310
Parsippany, New Jersey 07054
T: 973-331-5463, M: 201-572-0123
F: 973-402-8912, colin@page-employment-law.com
Attorney for Plaintiff

RECEIVED-FILED

2010 MAR 16  A 10: 50

CIVIL OFFICE
MIDDLESEX VICINAGE

| Denise Medford | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| Plaintiff | LAW DIVISION – MIDDLESEX COUNTY |
| v. | Docket No. L-2040-10 |
| Allianz Life Insurance Company Of North America, Inc. | Civil Action |
| Defendant | COMPLAINT |

1. The Plaintiff, Denise Medford ("Medford"), residing at 32 Cosgrove Court in the City of East Brunswick in the County of Middlesex, New Jersey states by way of Complaint against the Defendant, Allianz Life Insurance Company of North America, Inc. ("Allianz"):

## FACTUAL ALLEGATIONS

2. Medford worked for Allianz as a life insurance wholesaler from September 23, 2002 until October 9, 2009.

3. Medford was responsible for recruiting independent agents and driving insurance sales in the State of New Jersey.

4. Medford reported to the Divisional Manager for the Northeast region.

5. Although Allianz has dozens of insurance wholesalers, Medford was one of only a handful of female wholesalers.

1

6. Medford performed very well for Allianz and received high reviews and awards for her sales performance in 2004, 2005, 2006 and 2007.

7. In May 2008, Louis Tumolo became the Divisional Manager for the Northeast Region.

8. Medford believed that Tumolo treated her differently from other male wholesalers.

9. Medford's business depended on the performance of independent agents in her region that sold Allianz life insurance.

10. Tumolo constantly second-guessed and changed commitments for marketing support that Medford had made to independent agents.

11. Tumolo's interference with Medford's relationships with her independent agents often caused discord and resulted in some agents refusing to sell Allianz products which then impacted Medford's sales numbers and her compensation.

12. Upon information and belief, Tumolo did not interfere with the commitments that male agents made to their independent agents.

13. In addition, occasionally, Ms. Medford, a single-parent mother, would have to take time away from work to care for her son.

14. When she did so, Tumolo would berate her and and warn her against allowing personal matters to interfere with work.

15. 2008 was a difficult year for the life insurance industry in general.

16. Medford's sales performance in 2008 was below her performance in prior years, as was the performance of nearly all of Allianz's wholesalers.

17. In December, 2008 Tumolo placed Medford on a performance improvement plan.

2

18. Upon information and belief, other male wholesalers with performance below that of Ms. Medford were not placed on performance improvement plans.

19. Tumolo never met with Ms. Medford again regarding the improvement plan and Medford did not receive any written warnings or communications related to her performance until the end of September 2009.

20. Medford's performance early in 2009 was very good and she outperformed several of her male peers.

21. In March 2009, Allianz pulled its Vision product from the market which disrupted the production of all of the wholesalers.

22. In order to retain Medford, Allianz entered into a special "transition compensation" agreement that was meant to ensure she continued to receive her expected compensation while Allianz re-structured and re-introduced its Vision product.

23. In mid-September 2009, Medford's son suffered from a serious health condition that required extensive treatment.

24. Medford had to make arrangements for him to withdraw from school in North Carolina and for him to receive treatment.

25. Medford had a telephone call with Tumolo and told him that she would need to take a few days away from her job and reduce her schedule for a period of time in order to care for her son.

26. Tumolo responded by saying words to the effect: "take care of your son, but from here on out, you will not take any days off unless I have weeks, if not months notice in advance

3

before I approve anything. I don't want to have this conversation again. I will not stick out my neck for you."

27. Several weeks after this conversation, Tumolo issued Medford a Final Warning for performance.

28. At the time that she received this Final Warning, Medford's performance with respect to key performance metrics was better than that of several of her male peers who did not receive warnings regarding their performance.

29. Medford made attempts to speak with Tumolo about this warning but he avoided her.

30. Medford spoke to representatives of Allianz Human Resources to discuss her concerns with the Final Warning but was told that she needed to speak with her manager.

31. Tumolo finally met with Medford on October 8, 2009 with a representative from Allianz Human Resources.

32. Tumolo refused to discuss the Final Warning and informed Medford that her employment with Allianz was being terminated for poor performance effective immediately.

33. Upon information and belief, Tumolo replaced Medford with a male employee with less qualifications than Medford.

4

## CLAIM ONE – DISPARATE TREATMENT ON THE BASIS OF SEX

34. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

35. Plaintiff claims that she was treated differently from her male peers because of her sex in violation of the New Jersey Law Against Discrimination.

36. Defendant's disparate treatment of Plaintiff was motivated by actual malice or was the result of a willful and wanton disregard for the harm it was causing Plaintiff.

37. Defendant has caused Plaintiff to suffer economic, physical and emotional harm.

WHEREFORE, Plaintiff demands judgment against the Defendant and seeks damages for back pay, front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys fees, costs of suit, and such other relief that the Court may deem just and proper.

## CLAIM TWO – INTERFERENCE WITH LEAVE

38. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

39. Plaintiff claims Defendant terminated her in retaliation for having taken leave and/or to interfere with her taking additional leave in violation of the New Jersey Family Leave Act.

40. Defendant's retaliation and/or interference with Plaintiff's leave rights was motivated by actual malice or was the result of a willful and wanton disregard for the harm it was causing Plaintiff.

41. Defendant has caused Plaintiff to suffer economic, physical and emotional harm.

WHEREFORE, Plaintiff demands judgment against the Defendant and seeks damages for back pay, front pay, lost benefits, other compensatory damages, emotional distress

damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys fees, costs of suit, and such other relief that the Court may deem just and proper.

Date: 3/12/10

COLIN M. PAGE, LLC
Attorneys for Plaintiff

Colin M. Page

## DEMAND FOR TRIAL BY JURY

Plaintiff, Denise Medford, demands a trial by jury on all issues.

Date: 3/12/10

COLIN M. PAGE, LLC
Attorneys for Plaintiff

Colin M. Page

## DESIGNATION OF TRIAL COUNSEL

Colin M. Page is hereby designated as trial counsel in this matter.

Date: 3/12/10

COLIN M. PAGE, LLC
Attorneys for Plaintiff

Colin M. Page

6

## CERTIFICATION PURSUANT TO R. 4:5-1

I, Colin M. Page, certify as follows:

I am counsel for Plaintiff, Denise Medford, in this matter. To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, and no other action or arbitration proceeding is contemplated, and no other parties should be joined to this action.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

COLIN M. PAGE, LLC
Attorneys for Plaintiff

Date: 3/22/10

Colin M. Page

7