Gregory C. Parliman
gparliman@daypitney.com
DAY PITNEY LLP
200 Campus Drive
Florham Park, NJ 07932
(973) 966-8015

Holly S. A. Eng
eng.holly@dorsey.com
*Pro hac vice application forthcoming*
Zeb Curtin
curtin.zeb@dorsey.com
*Pro hac vice application forthcoming*
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Attorneys For Defendant
Allianz Life Insurance Company
of North America

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DENISE MEDFORD, | : | Case No. 3:10-cv-02500-FLW-DEA |
| Plaintiff, | : | |
| v. | : | **DEFENDANT'S ANSWER TO COMPLAINT** |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC., | : | |
| Defendant. | : | |

For its Answer to the Complaint of Denise Medford (the "Plaintiff") in the above-entitled

matter, Defendant Allianz Life Insurance Company of North America, a corporation of the State

of Minnesota having its principal place of business in Minneapolis, Minnesota, admits, denies,

alleges, and states as follows:

83286167.1

1.      Admits the allegations contained in Paragraph 1 of the Complaint regarding Plaintiff's place of residence. States that the remainder of Paragraph 1 of the Complaint contains explanatory introductory material which requires no written response.

## FACTUAL ALLEGATIONS

2.      States that Plaintiff was employed by Defendant from September 23, 2003, through October 9, 2009, as a Regional Vice President / external wholesaler ("RVP") assigned to various territories within the State of New Jersey, most recently the Independent Channel for Northern New Jersey.

3.      States that Plaintiff's job responsibilities included, among other things, working with independent external agents and driving insurance sales in her territory. Denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      States that, during Plaintiff's employment with Defendant, she reported to the Field Vice President / District Director responsible for her territory at a given time, and further states that Plaintiff's territories fell within the area referred to at various times as the Northeast Region and the Mid-Atlantic District.

5.      Admits that Defendant "has dozens of insurance wholesalers" and admits, upon information and belief, that Plaintiff is a female. Denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Denies that Plaintiff "performed very well" and "received high reviews" for her performance in 2004, 2005, 2006, and 2007. States that Plaintiff may have received one or more awards during this time period. Denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      States that Louis Tumolo became the Regional Vice President in February 2007 and the District Director for the Mid-Atlantic District in October 2007.

8.     States that it is without knowledge or information sufficient to either admit or deny what Plaintiff "believed." Denies that Tumolo treated Plaintiff differently from other male wholesalers. Denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.     States that Plaintiff's performance depended upon many factors, including her relationships with independent external agents in her region. Denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.     Denies the allegations contained in Paragraph 10 of the Complaint.

11.     Denies the allegations contained in Paragraph 11 of the Complaint.

12.     Denies the allegations contained in Paragraph 12 of the Complaint.

13.     States that the phrase "single-parent mother" is vague and ambiguous and, therefore, denies that allegation. Further states that, on at least one occasion, Plaintiff informed Tumolo that she had taken time off work to attend to "personal issues" related to her son. Denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.     Denies the allegations contained in Paragraph 14 of the Complaint.

15.     States that the allegations contained in Paragraph 15 of the Complaint are vague and ambiguous and, therefore, denies all allegations therein.

16.     Admits that Plaintiff's performance in 2008 was below her performance in previous years, as confirmed by the "needs improvement" performance rating she received for calendar year 2008. States that Plaintiff's performance in 2008 was generally worse than that of her similarly-tenured peers in her district, both male and female. Denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.     States that Plaintiff was issued written warnings regarding her performance on December 10 and 15, 2008.

83286167.1                                    3

18.     States that it is unclear as to whom Plaintiff compares herself.  Further states that some of Plaintiff's similarly-tenured peers, both male and female, were (like Plaintiff) issued written warnings regarding their performance.  Denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.     Denies the allegations contained in Paragraph 19 of the Complaint.

20.     Denies the allegations contained in Paragraph 20 of the Complaint.

21.     Admits that Defendant removed its Vision product from the market in March 2009.  Denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.     States that, in connection with its decision to remove the Vision product from the market, Defendant entered into special compensation agreements with all of its RVPs, not just Plaintiff.  Denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.     States that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and, on that basis, denies them.

24.     States that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and, on that basis, denies them.

25.     States that Tumolo recalls a telephone call with Plaintiff during which she claimed that she had already taken some time off work to attend to "personal issues" related to her son.  Denies all remaining allegations contained in Paragraph 25 of the Complaint.

26.     Denies the allegations contained in Paragraph 26 of the Complaint.

27.     States that Tumolo issued Plaintiff a Final Warning letter on or about September 21, 2009, which detailed the pattern of Plaintiff's performance problems throughout 2008 and 2009.  Denies all remaining allegations contained in Paragraph 27 of the Complaint.

28.     Denies the allegations contained in Paragraph 28 of the Complaint.

29.     Denies the allegations contained in Paragraph 29 of the Complaint.

30.     States that, at some point in time, Plaintiff spoke with someone in Defendant's HROC queue, who, consistent with company practice, directed Plaintiff to speak with a consultant in the HROCM regarding her complaints about Tumolo. Denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     States that Plaintiff spoke with Tumolo and a Human Resources representative on October 8, 2009. Denies all remaining allegations contained in Paragraph 31 of the Complaint.

32.     Admits that Tumolo informed Plaintiff on October 8, 2009, that her employment with Defendant was being terminated for poor performance effective immediately. Denies all remaining allegations contained in Paragraph 32 of the Complaint.

33.     States that the individual who was selected to be the RVP responsible for Plaintiff's former territory happened to be male. Denies all remaining allegations contained in Paragraph 33 of the Complaint.

## CLAIM ONE

34.     Restates its responses to Paragraphs 1-33 above, as if set forth fully herein.

35.     Admits that Plaintiff purports to claim that she was treated differently from her male peers because of her sex in alleged violation of the New Jersey Law Against Discrimination, but denies the same.

36.     Denies the allegations contained in Paragraph 36 of the Complaint.

37.     Denies the allegations contained in Paragraph 37 of the Complaint. Further denies that Plaintiff is entitled to any of the damages or relief referenced in the prayer for relief appearing directly below Paragraph 37 of the Complaint.

## CLAIM TWO

38.     Restates its responses to Paragraphs 1-37 above, as if set forth fully herein.

39.     Admits that Plaintiff purports to claim that Defendant terminated her in retaliation for having taken leave and/or to interfere with her taking additional leave in violation of the New Jersey Family Leave Act, but denies the same.

40.     Denies the allegations contained in Paragraph 40 of the Complaint.

41.     Denies the allegations contained in Paragraph 41 of the Complaint.  Further denies that Plaintiff is entitled to any of the damages or relief referenced in the prayer for relief appearing directly below Paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

42.     The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

43.     Some or all of the claims alleged in the Complaint are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

44.     Some or all of the claims alleged in the Complaint are not cognizable under the LAD because they do not allege employment decisions or actions that amount to a material adverse change to a term or condition of employment.

### FOURTH AFFIRMATIVE DEFENSE

45.    Any employment actions allegedly taken with respect to Plaintiff were based upon legitimate, nondiscriminatory business reasons unrelated to her gender, taking of leave, or any other protected classification.

### FIFTH AFFIRMATIVE DEFENSE

46.    Plaintiff's claims are barred, in whole or in part, by her failure to avail herself of available policies and procedures to complain about and pursue remedies for the subject matter of the claims asserted in the Complaint.  Any damages that Plaintiff allegedly suffered, which Allianz denies, were the direct and proximate result of her failure to timely report alleged discrimination and, therefore, she is estopped and barred from recovery of damages from Allianz.

### SIXTH AFFIRMATIVE DEFENSE

47.    Plaintiff has failed reasonably to mitigate her claimed damages, her entitlement to which is expressly denied.

### SEVENTH AFFIRMATIVE DEFENSE

48.    Allianz expressly denies any discrimination or unlawful motives in its dealings with Plaintiff.  However, Allianz further alleges that, even if an unlawful motive were found to exist, the challenged decisions concerning Plaintiff's employment still would have been made in the absence of the unlawful motive.

### EIGHTH AFFIRMATIVE DEFENSE

49.    To the extent Plaintiff is alleging claims that are beyond the applicable statutes of limitations, her claims are barred in whole or in part by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

50.    On the facts alleged in the Complaint, Plaintiff is not entitled to punitive damages.

## TENTH AFFIRMATIVE DEFENSE

51.     As a separate and alternative defense, Defendant alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure.  The extent to which such claims contained in the Complaint may be barred by one or more of said affirmative defenses cannot be determined at this time, and Defendant reserves its right to allege such affirmative defenses at an appropriate time.

**WHEREFORE,** Defendant Allianz Life Insurance Company of North America prays for judgment as follows:

(A)     dismissing Plaintiff's Complaint with prejudice;

(B)     awarding Defendant its costs, disbursements, and attorney's fees incurred herein; and

(C)     awarding Defendant such other and further relief as the Court deems just and proper.

Dated:  June 2, 2010                                Respectfully submitted,

                                                    By    s/ Gregory C. Parliman

                                                        Gregory C. Parliman
                                                        gparliman@daypitney.com
                                                        DAY PITNEY LLP
                                                        200 Campus Drive
                                                        Florham Park, NJ 07932
                                                        (973) 966-8015

                                                        *and*

                                                        Holly S. A. Eng (MN # 238028)
                                                        eng.holly@dorsey.com
                                                        *Pro hac vice application forthcoming*
                                                        Zeb Curtin (MN # 352640)
                                                        curtin.zeb@dorsey.com
                                                        *Pro hac vice application forthcoming*
                                                        DORSEY & WHITNEY LLP
                                                        50 South Sixth Street, Suite 1500
                                                        Minneapolis, MN 55402
                                                        (612) 340-2600

                                                    Attorneys For Defendant
                                                    Allianz Life Insurance Company
                                                    of North America

## CERTIFICATION OF SERVICE

I hereby certify that I caused to be served upon Colin M. Page, L.L.C., attorneys for

plaintiff Denise Medford, a copy of Defendant's Answer to Complaint through the Court's

Electronic Case Filing System and by sending a copy of same by regular mail addressed as

follows:

> Colin M. Page, Esq.
> Colin M. Page, L.L.C.
> 2001 Route 46, Suite 310
> Parsippany, NJ  07054


> s/ Gregory C. Parliman
> GREGORY C. PARLIMAN

DATED:  June 2, 2010